PER CURIAM.
Plaintiff, Morris Narcisse, Jr., has appealed from a judgment dismissing his suit against the defendant, The American Sugar Refining Company, wherein plaintiff sought maximum compensation benefits for permanently disabling injuries incurred as he worked for the defendant aboard a barge moored on navigable waters.
Defendant has filed a motion to dismiss plaintiff’s appeal, asserting, first, that plaintiff’s sole remedy is provided by the Longshoremen’s and Harbor Workers’ Compensation Act, 33 U.S.C.A. § 901 et seq. and therefore the state court is without jurisdiction. Alternatively, defendant insists should plaintiff’s injury be deemed to fall within the “twilight zone”, thus permitting him to elect a federal or state remedy, plaintiff has elected to receive Longshoremen’s compensation and is now estopped from pursuing redress under the state Workmen’s Compensation Act, LSA-R.S. 23:1021 et seq.
To support the contention that the state court is without jurisdiction herein, defendant relies on our recent decision in Ellis v. Travelers Ins. Co., 123 So.2d 780, wherein we held that the exclusive remedy of a longshoreman injured aboard a ship on navigable water was to be pursued in conformity with the provisions of the Longshoremen’s and Harbor Workers’ act. In that decision we reasoned that the jurisdictional issue was to be determined after carefully reviewing the facts of each case.
We do not think that either contention raised by the defendant in support of its motion should be passed upon without first allowing the appellant to present his appreciation of the facts and law involved herein; therefore, the motion to dismiss plaintiff’s appeal is denied.
Motion denied.